# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Airman Basic BRANDON C. THOMAS, JR.
## United States Air Force

## ACM S32163

## 30 July 2014

Sentence adjudged 24 April 2013 by SPCM convened at Joint Base San Antonio-Lackland, Texas. Military Judge: Donald R. Eller (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 135 days.

Appellate Counsel for the Appellant: Captain Jeffrey A. Davis.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

At a special court-martial composed of a military judge sitting alone, the appellant was convicted, consistent with his plea, of violating a lawful general regulation by wrongfully using spice, in violation of Article 92, UCMJ, 10 U.S.C. § 892. Contrary to his pleas, the appellant was convicted of insubordinate conduct towards a noncommissioned officer; violation of a lawful general regulation for possessing spice; fleeing apprehension; and unlawful entry, in violation of Articles 91, 92, 95, and 134, UCMJ, 10 U.S.C. §§ 891, 892, 895, 934. The military judge sentenced the appellant to a bad-conduct discharge and confinement for 135 days. The convening authority approved the sentence as adjudged.

On appeal, the appellant argues, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that his sentence is inappropriately severe. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Sentence Severity*

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006). *See also United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The appellant argues, pursuant to *Grostefon*, that his sentence to a bad-conduct discharge is inappropriately severe in light of his commander's failure to refer him to the Air Force's Alcohol and Drug Abuse Prevention Treatment (ADAPT) Program, as required by Air Force Instruction 44-121, *Alcohol and Drug Abuse Prevention Treatment (ADAPT) Program*, ¶¶ 3.8.1 and 3.8.5 (11 April 2011). Prior to the misconduct that led to the instant court-martial, the appellant had been convicted of multiple charges at a special court-martial in November 2012, including possession of alcohol while underage and possession of spice.[1] The appellant argues if he had been referred to the ADAPT program, "he would have received much needed treatment that would have, as it is designed to do, prevented him from continuing his behavior of abusing intoxicating substances." Because the commander did not refer him for that treatment, the appellant contends his bad-conduct discharge is an inappropriately severe punishment for his misconduct.

We disagree. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial, and find nothing inappropriate about the appellant's sentence.

---

[1] At this prior court-martial, officer members sentenced the appellant to 4 months' confinement and partial forfeiture of his pay for 4 months.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[2]  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved findings and the sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[2] The court-martial order (CMO) contains errors.  It incorrectly states the appellant pleaded not guilty to Charge II, when he pleaded guilty to Specification 2 of Charge II.  The CMO also omits the location and date of the specifications of Charge I.  We order a corrected CMO.  *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

ACM S32163